Sandra A. CRITTENDEN, et al.,
Respondents,

v.

WHIPPOORWILL RANCH
CAMPGROUND, INC., et
al., Appellants.

No. C8–86–1796.

Court of Appeals of Minnesota.

June 9, 1987.

James C. Nordstrom, Lake City, for respondents.

David W. VanDerHeyden, Rochester, for appellants.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and MULALLY,* JJ.

## OPINION

CRIPPEN, Judge.

Respondents brought suit against appellants, claiming nonpayment of wages. Respondents asserted they had entered into employment contracts with appellants, and that appellants failed to pay them wages from 1980–1982, contrary to the terms of their contracts. Respondents also sought penalties for back wages pursuant to Minn. Stat. §§ 181.14 and 181.17.

The court, sitting without a jury, found appellants had breached an oral contract for employment and awarded back wages and statutory penalties. Appellants moved for a new trial and alternatively for amended findings. The trial court denied both motions, and an appeal was taken. We affirm.

## FACTS

Appellant Glenn Mischke owns appellant Whippoorwill Ranch Campground, located in Wabasha County, Minnesota.[1] In 1979, Mischke entered into a purchase agreement and contract for deed to sell the campground to respondent David Baker and his partner Allan Rassman. However, in Octo-

ber 1979, the two buyers defaulted on the contract and it was cancelled.

Baker returned to the campground in the winter of 1980 and planned to enter into another purchase agreement with Mischke. When Baker's wife instituted divorce proceedings, Baker held up his plans to buy the campground, but he made an agreement with Mischke to manage the campground. Baker testified he and Mischke originally agreed to his "taking up a salary" of $350 per week, but that he later agreed to take $300 to enable payment of $100 per week to respondent Sandra Crittenden as assistant manager; Crittenden was also to receive free room and board. Baker testified that Mischke said "there would be no problem" with Crittenden working for $100 per week, and that Mischke was "agreeable" to that condition. This arrangement was purportedly worked out between Mischke and Baker over the telephone in late February or early March of 1980.

In April of 1981, Baker suggested to Mischke that a roller rink be built on the property to attract customers year round. At this time, Baker stated, he and Mischke orally agreed that Baker would "get" $350 per week and that Crittenden would be paid $150 per week. In June 1981, Baker testified Mischke orally agreed that Baker could also take 5 percent of gross business receipts.

Baker worked at the campground from January or February 1980 until February 1983, when he voluntarily terminated his employment. Crittenden worked at the campground intermittently from early 1980 until October 1982, when she voluntarily left, evidently because she was rarely paid for her services. On October 22, 1982, Crittenden served Mischke with a written

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. According to the evidence in the case, Whippoorwill Ranch Campground was a sole proprietorship owned by Glenn Mischke at all times during the years that respondents worked at the campgrounds. Although the lawsuit of respondent Sandra A. Crittenden names Whippoorwill Campground, Inc. as a party, the trial court's

order for judgment names only Glenn Mischke, d.b.a. Whippoorwill Ranch Campground, as defendant. Issues of corporation liability are not before us. The merits of the issue on appeal are unaffected by the identification of a corporation in the title of the case or by the fact that the court administrator made an entry of judgment in the matter against "Glenn W. Mischke and Whippoorwill Campground."

demand for payment of back wages. On August 29, 1983, Baker served Mischke with a written demand for payment. When no payment was forthcoming from Mischke, Baker and Crittenden instituted this action against him.

At trial, Baker claimed he had oral dealings with Mischke for himself and Crittenden, over the telephone and in person. Baker and Crittenden testified it was understood that they would pay themselves by check from the Whippoorwill Campground account. They stated, however, that after paying bills and the other workers, there was rarely any money left in the account with which to pay themselves. Baker testified he had discussed the problem with Mischke many times, and that Mischke had said on some occasion that he was aware he owed wages to Crittenden. The parties agreed something had to be done to increase the profitability of the campground.

Although Mischke admitted he had made an agreement for Baker's work at the campground in 1981, he denied there was ever an employment contract between himself and Baker. Mischke maintained he and Baker had agreed that Baker would work at the campground with a right to take payment of wages from business profits. Mischke testified further that he had never discussed the possibility or fact of employment with Crittenden.

After three days of testimony, the trial court found for Baker and Crittenden. Specifically, the court found:

1. That there was an enforceable oral employment contract between Baker and Mischke, doing business as Whippoorwill Ranch Campground, and between Crittenden and Mischke, and that the terms were $300 per week for Baker, later increased to $350 plus 5 percent of the gross receipts, and $100 per week for Crittenden, later increased to $150 per week;

2. That appellants breached the contract by not paying respondents' wages, entitling respondents to damages in the form of back wages totaling $19,500 for Baker and $1,950 for Crittenden;

3. That appellants did not pay respondent employees after demand so respondents were entitled to penalties pursuant to Minn.Stat. § 181.14 and § 181.17 (1982).

Mischke moved for a new trial and, alternatively, for amended findings on the grounds that the decision was not justified by the evidence and was contrary to law; that the damages were excessive and influenced by passion or prejudice; and that various errors of law had occurred at trial.

The trial court denied these motions, and Mischke appeals.

### ISSUE

Was the evidence sufficient to support the trial court's findings that there was an employment contract between appellants and respondents and that the terms were as alleged by respondents?

### ANALYSIS

#### 1.

On appeal from denial of a motion for amended findings, the burden is on the appellant to show there is no substantial evidence reasonably tending to sustain the trial court's findings. *Nielsen v. City of St. Paul*, 252 Minn. 12, 29, 88 N.W.2d 853, 864 (1958). This court must consider the testimony in the light most favorable to the prevailing party, and if the evidence as a whole tends to support the findings, they should not be disturbed. *Id.* at 29, 88 N.W.2d at 864–65. Minn.R.Civ.P. 52.01.

Mischke argues the evidence was insufficient to find there was a contract for employment that had been breached. He contends, primarily, that profitability of the campground business was a condition to his obligation to pay wages. Appellant suggests, in other words, that he permitted the use of his business, without a return, except to the extent there was a profit over and above business expenses, including amounts paid to respondents at an agreed wage rate. Alternatively, appellant characterizes respondents as independent contractors.

■ It is true, as appellant asserts, that Mischke made no personal payments of wages and that there is limited evidence of his agreement to be personally obligated. Respondents acknowledged they were to be paid from the campground receipts and that they handled all the money in checking accounts of the business, with no accounting to appellant except in a year-end tax report. Respondent Baker acknowledged that he worked as a manager on an underlying intention to buy the campground. When funds were not available for compensation of the manager and his assistant, respondent Baker viewed the problem as a challenge to produce more business income.

In spite of the evidence supporting appellant's argument, it cannot be said that the trial court acted without evidentiary support. The business and its accounts were the property of appellant Mischke, and a contract was made that involved the payment of wages to both respondents. In the case of Crittenden, there is no question that she was hired as an employee by Baker, and that Baker had authority from Mischke to employ her. Although there is little evidence of requests for personal payment of wages by Mischke, he was repeatedly advised of the concerns of Baker and Crittenden about nonpayment of wages. There is evidence indicating that Mischke on one occasion stated a dollar amount of Crittenden's back wages and said that he was aware he owed that amount to her. Viewing the evidence in a light most favorable to the prevailing party, it is evident here that Mischke was a party to an employment contract.

Neither party precisely demonstrated their position in their testimony. Respondents failed to demonstrate a clear-cut traditional employment arrangement. Mischke, on the other hand, did not show any evidence directly suggesting that he made a contract with independent business people or that he merely licensed respondents to use his property to operate the business. The trial court was left with the burden to interpret general descriptions of fact, and its ultimate decision depended considerably on the credibility of witnesses. It is for the trial court to assess credibility.

Minn.R.Civ.P. 52.01. Because there is evidence reasonably tending to sustain the trial court's views of the facts, we must affirm. *Nielsen*, 252 Minn. at 29, 88 N.W.2d at 864.

We have examined several additional issues raised by appellant, but we find no merit in them.

■ First, appellant contends that the employment contract with respondents should not be enforced because it involved a fraud on the government in the form of nonwithholding for taxes and nonreporting of earned income. Appellant did not assert this subject in his pleadings and did not ask that it be addressed by the trial court. Under those circumstances, the question of law cannot be raised on appeal. *Virtue v. Creamery Package Manufacturing Co.*, 227 U.S. 8, 38–39, 33 S.Ct. 202, 208, 57 L.Ed. 393 (1913).

Second, appellant contends that respondents have waived their wage claims because they confined their expectations for payment to profitability of the campground business. This claim merely restates the question of appellant on the sufficiency of the evidence of an employment contract, and we have already examined that issue. In addition, there is considerable evidence that both respondents acted at all times on the assumption and the demand that back wages be paid at some time.

■ Third, appellant contends that respondents are estopped from making their claims because they proposed a loose employment arrangement, and also because of their poor recordkeeping and business management. Again, this argument tends to restate appellant's primary dispute on the evidence, and it requires little independent consideration. Arguments about mismanagement were also raised in a counterclaim by appellant. The trial court found no merit in the counterclaim, and the trial court findings were not clearly erroneous.

Appellant contends he should be excused from performance of any employment agreement because of breaches of the employment contract by respondents. This contention also deals with management

abuses, and we defer to the trial court's findings of fact on the merits of appellant's mismanagement claims.

Appellant contends that damages were imprecisely proven. A claimant must prove to a reasonable certainty the fact and amount of his damage, but mathematically precise proof is not required. *Pemberton v. OvaTECH, Inc.,* 669 F.2d 533, 541 (8th Cir.1982). We must sustain a finding on damages that is reasonably supported by the evidence as a whole. *Carroll v. Pratt,* 247 Minn. 198, 202, 76 N.W.2d 693, 697 (1956). Respondents presented largely unrebutted evidence regarding work done and unpaid wages accumulated, and this evidence amply supported the trial court's findings on damages.

Finally, appellant contends that statutory wage penalties were improperly awarded. Under Minnesota Statutes § 181.14 (1986), penalties are limited in cases where an employer audits the handling of money by an employee. No audit occurred here.

### DECISION

The trial court's findings of facts are sustained by the evidence.

Affirmed.